United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZE AZOR, | No. C-08-2825 MMC |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT PEAKE'S MOTION TO DISMISS** |
| v. | |
| JAMES B. PEAKE, et al., | |
| Defendants. | |

Before the Court is defendant James B. Peake's ("Peake") motion to dismiss, filed November 4, 2008. Plaintiff Suze Azor ("Azor") has filed opposition, to which Peake has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision thereon, hereby VACATES the hearing scheduled for December 12, 2008, and rules as follows.

To the extent Peake seeks an order dismissing Azor's claim for intentional infliction of emotional distress and striking paragraph 47 of the complaint and paragraph 2 of the prayer for relief, the motion will be granted, as Azor does not object to such request. (See Opp'n at 1.)

To the extent Peake seeks dismissal of the complaint on the ground of untimely service of process, as set forth below, the motion will be denied.

Where a plaintiff "shows good cause" for a failure to serve the defendant within 120

days of the filing of the complaint, "the court must extend the time for service for an appropriate period." See Fed. R. Civ. P. 4(m). Here, counsel for Azor states that, during the 120-day period following the filing of the complaint, "many cases in [counsel's] office were fast approaching end dates and required thorough detail and attention" and that counsel "felt it better to prolong service in the case at issue." (See Ladva Decl. ¶ 6.) Counsel's decision to allocate resources in such manner, i.e., to assign a lower priority to timely service of the instant complaint, does not constitute good cause for a failure to comply with the requirements of Rule 4. See, e.g., Wei v. Hawaii, 763 F.2d 370, 372 (9th Cir. 1985) (holding "desire to amend [ ] complaint before effecting service does not constitute good cause"; noting plaintiff failed to show he "was prevented from effecting service within the 120 day limit by factors beyond his control").

Where a plaintiff fails to demonstrate good cause, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." See Fed. R. Civ. P. 4(m) (emphasis added); see also Efaw v. Williams, 473 F.3d 1038, 1040 (9th Cir. 2007) (holding Rule 4(m) "permits the district court to grant an extension even in the absence of good cause" (emphasis omitted)). "In making extension decisions under Rule 4(m) a district court may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." See Efaw, 473 F.3d at 1041.

Here, the above-referenced factors weigh against dismissal of the action. First, because the instant complaint was filed June 6, 2008, it appears that the statute of limitations on Azor's remaining claims has run. See 42 U.S.C. § 2000e-16(c) (providing action by federal employee "aggrieved by the final disposition of [her] complaint" by Equal Employment Opportunity Commission ("EEOC") must be filed "[w]ithin 90 days of receipt of notice of final action"); (Compl. ¶ 23 (alleging EEOC "reached a final agency decision on March 12, 2008" (emphasis omitted))). Additionally, Peake has not shown he has been or will be prejudiced by the delay in service; Peake had actual notice of the action at least as early as August 12, 2008 (see Carradero Decl. filed Nov. 4, 2008, at ¶ 2 (stating "[o]n

August 12, 2008, [counsel for Peake] faxed a letter to [Azor's] counsel's office requesting service of the Complaint")), and, following the filing of the instant motion to dismiss, the summons and complaint were personally delivered to the office of the United States attorney for this district[1] (see Carradero Reply Decl., filed Dec. 1, 2008, at ¶ 2).[2]

**CONCLUSION**

For the reasons stated above, the motion is hereby GRANTED in part and DENIED in part, as follows:

1. To the extent Peake seeks dismissal of Azor's Fifth Cause of Action, alleging a claim for intentional infliction of emotional distress, and an order striking paragraph 47 of the complaint and paragraph 2 of the prayer for relief, the motion is GRANTED, and said claim is hereby DISMISSED and said paragraphs are hereby STRICKEN.

2. To the extent Peake seeks dismissal of the complaint on the ground of untimely service of process, the motion is DENIED.

3. Azor shall file proof of service of process on Peake no later than January 9, 2009,

---

[1] Although not specified in the caption, Peake appears to have been sued in his official capacity. There is no evidence in the record, however, to suggest Azor has completed service of process on Peake; delivery of the summons and complaint to the office of the United States attorney is insufficient to constitute such service. See Fed. R. Civ. P. 4(i)(1)-(2) (providing, in order to effect service of process on United States officer or employee sued in official capacity, in addition to delivery of summons and complaint to United States attorney, plaintiff must send copies of summons and complaint, "by registered or certified mail to the Attorney General of the United States" and "to the . . . officer, or employee").

[2] As Peake points out, courts have dismissed actions for untimely service of process despite a statutory bar to refiling. The cases on which Peake relies, however, are distinguishable. See Quinn v. Cornerstone Strategic Advisors, LLC, No. 04CV2417 JAH (AJB), 2007 WL 2462112, at *6-*7 (S.D. Cal. Aug. 27, 2007) (dismissing action under Rule 4(m) where plaintiff had previously been given "a de facto extension of time to effect service"); Glover v. City of New York, No. 1:05-cv-5552-ENV-RML, 2007 U.S. Dist. LEXIS 7693, at *15 (E.D.N.Y. Feb. 2, 2007) (dismissing action for failure to make timely service of process where plaintiff had previously been given extension of time under Rule 4(m); noting "[t]hat second time around, such inexcusable neglect forfeits the right to proceed on the complaint"); Baltierra v. U.S. Dep't of Educ., No. 99CV768 JM (POR), 2001 WL 1480297, at *2 (S.D. Cal. Oct. 1, 2001) (dismissing action under Rule 4(m) where plaintiff failed to explain "lack of diligence in attempting service during the original 120 day period-or for the next 610 days"); Am. Commercial Barge Line Co. LLC v. Tug Joan Salton, No. 99 CV 0846(RCC), 2001 WL 262724, at *5 (S.D.N.Y. Mar. 16, 2001) (dismissing action under Rule 4(m) where "[p]laintiff twice had the opportunity to serve [d]efendants timely" but "failed both times").

3

which proof of service of process shall demonstrate that Azor has complied, in full, with the requirements of Federal Rule of Civil Procedure 4(i).  If such proof of service of process is not timely filed, Azor's claims against Peake will be dismissed.

    4.  Should Azor seek to proceed on her complaint as against defendants Stacy Lumbang and Reny Famy, Azor shall file proof of service of process on said defendants no later than January 9, 2009.  If such proof of service is not timely filed, Azor's claims against said defendants will be dismissed.

**IT IS SO ORDERED.**

Dated:  December 9, 2008

                                          MAXINE M. CHESNEY
                                          United States District Judge